IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. _____ |
| SAM G. TOROLOPOULOS, | § § | |
| Defendant. | § § | |

## UNITED STATES OF AMERICA'S COMPLAINT

Plaintiff, United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, brings this action to reduce tax assessments against defendant Sam G. Torolopoulos for the 2000 tax year to judgment.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7401 and 7402 and 28 U.S.C. §§ 1340 and 1346.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396.

### PARTIES

3. Plaintiff is the United States of America.

4. Defendant is Sam G. Torolopoulos, who owes the United States federal income taxes for the 2000 tax year.

## TAX LIABILITY

5. Sam G. Torlopoulos owes the United States the following amounts of unpaid federal income taxes, penalty and interest:

| Type of Tax | Tax Period | Assessment Date | Assessed Amount |
|---|---|---|---|
| 1040 | 2000 | 9/22/2004 | $445,393 |
| 1040 | 2000 | 6/5/2006 | $49,433 |
| | **TOTAL with Interest and Penalty (as of 4/20/2009):** | | **$710,177.40** |

6. Sam G. Torolopoulos was given notice and demand for the unpaid federal income taxes on or about the assessment dates listed above.

7. The United States recorded notices of its tax liens securing the liabilities assessed on September 22, 2004, in the real and personal property records of Tarrant County, Texas on or about February 13, 2006.

8. Despite notice and demand for payment of the assessments described in paragraph 5, above, defendant Sam G. Torolopoulos has neglected, refused, or failed to fully pay the assessments and there remains due and owing the amount of $710,177.40, plus accrued but unassessed interest as provided by law from April 20, 2009 until paid.

**AFFIRMATIVE ALLEGATIONS THAT THE 2007 BANKRUPTCY DISCHARGE DID NOT DISCHARGE SAM G. TOROLOPOULOS' TAX LIABILITIES OWED**

9. On December 29, 2006, Sam G. Torolopoulos filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas. On February 12, 2007, the Chapter 7 trustee determined that there were no assets to be distributed. On April 12, 2007, the bankruptcy court granted Sam G. Torolopoulos a discharge.

10. In his bankruptcy schedules, Sam G. Torolopoulos listed assets of $715,835.00 and liabilities of $26,687,025.59.

11. In his bankruptcy schedules—Schedule E—Sam G. Torolopoulos listed an undisputed unsecured priority claim in the amount of $685,944.59 for federal income taxes related to the 2000 tax year.

12. During 2000, Sam G. Torolopoulos received substantial fees for referring wealthy individuals to Jenkens & Gilchrist for participation in a tax shelter known as "Son of BOSS" that produces an artificially high basis with minimal risk to the taxpayer purportedly generating non-economic losses to offset actual income and/or gains. Sam G. Torolopoulos entered into his own "Son of BOSS" tax shelter in 2000 creating artificial losses in the amount of $1,199,992 and allowing him to evade and or defeat approximately $445,393 in taxes owed for 2000.

13. Sam G. Torolopoulos entered into the "Son of BOSS" tax shelter in November of 2000 despite notices from the Internal Revenue Service, starting in August of 2000, stating that the tax shelter transactions were considered abusive.

14. It wasn't until March of 2004 that Sam G. Torolopoulos filed an amended 2000 income tax return removing the improper losses claimed as a result of the abusive tax shelter and reporting the $445,393 in federal income taxes owed. However, Sam G. Torolopoulos included a statement on that return that "THE TAXPAYER RESERVES THE RIGHT TO FILE AN AMENDED RETURN CHALLENGING THE VALIDITY OF THE POSITION TAKEN ON THIS RETURN," and did not pay any of the amounts reported as owed.

15. The Internal Revenue Service assessed the $445,393, as reported, and made an additional adjustment to the amended 2000 income tax return, disallowing certain deductions, resulting in an additional assessment in the amount of $49,433 on June 5, 2006. This assessment was

made within 240 days of the filing of the bankruptcy petition on December 29, 2006 and is a priority debt excepted from discharge under 11 U.S.C. §§507(a)(8), 523(a)(1)(A).

16. The "Son of BOSS" transaction for Sam G. Torolopoulos was accomplished using an entity known as "T-Squared Investors Inc." and a partnership designated on the return as "RPS Investment Partners" that involves other entities. Sam G. Torolopoulos signed the RPS Investment Partners tax return as return preparer.

17. A notice of Final Partnership Administrative Adjustment was sent to Sam G. Torolopoulos on October 15, 2004 and that adjustment was challenged in the Tax Court (*RPS Investment Partners, et al. v. Commissioner*, Docket No. 3174-05). The Tax Court entered a decision on December 22, 2006, that "the partnership was a sham, lacked economic substance, and was formed and availed of with no purpose other than tax avoidance" and that "the transactions purportedly engaged in by the partnership in the tax year ended December 27, 2000 were shams, lacked economic substance, and were entered into with no purpose other than tax avoidance." A copy of the Tax Court decision is attached as Government Exhibit 1.

18. Sam G. Torolopoulos filed for bankruptcy approximately seven (7) days after the Tax Court's decision was entered.

19. Sam G. Torolopoulos' participation in a "Son of BOSS" tax shelter involved sham entities and transactions that lacked economic substance and were done to evade and/or defeat the actual tax liabilities owed for the 2000 tax year.

20. When prompted on Bankruptcy Schedule B to list personal property, Sam G. Torolopoulos listed stock and investment interests in entities known as Brookriver Kent Inc., Brookriver Kent Investment L.P., T-Squared Investors Inc., RPS Investment Partners, and Torroll Accounting Services, P.C. For all entities he listed a value of zero.

21. Sam G. Torolopoulos filed the corporate tax returns for Brookriver Kent Inc. for the 2005, 2006, and 2007 tax years in late 2008, nearly two years after the bankruptcy filing and discharge. Brookriver Kent Inc. reported total assets of $8,315, $10,438, and $16,147 for the 2005, 2006 and 2007 years respectively despite the bankruptcy schedules reporting zero value for the entity.

22. Sam G. Torolopoulos filed the partnership returns for Brookriver Kent Investments L.P. for the 2005, 2006, and 2007 tax years in late 2008 after the bankruptcy filing and discharge. Brookriver Kent Investement L.P. reported total assets of $569,098 for the 2005, 2006 and 2007 years despite Sam G. Torolopoulos listing the entities as having zero value on his bankruptcy schedules.

23. A related entity named Brookriver Kent Investment I L.P. lists transfers on its 2005 and 2006 tax returns as due from "related entities" indicating transfers within two years of the bankruptcy filing, despite no transfers being listed on the bankruptcy Statement of Financial Affairs – Question 10.

24. Internal Revenue Service transcripts of account indicate a reported capital account balance for the 2006 tax year of $116,778 for Brookriver Kent Investments L.P. despite Sam G. Torolopoulos listing the entity as having zero value on his bankruptcy schedules.

25. Sam G. Torolopoulos misrepresented the value of assets on his bankruptcy schedules to hide the true value of those entities and proceed with a bankruptcy as a no-asset Chapter 7 proceeding in order to defeat and evade the federal income taxes owing for tax year 2000.

## CAUSE OF ACTION

26. As of April 20, 2009, defendant Sam G. Torolopoulos owes the United States $710,177.40 for federal income taxes, penalties, and interest accrued for the tax periods referenced in

paragraph 5. Sam G. Torolopoulos further owes all interest and statutory additions that accrue from April 20, 2009, until his tax liabilities are paid.

27. Pursuant to 11 U.S.C. §523(a)(1)(C), the tax liabilities assessed against Sam G. Torolopoulos for the 2000 tax year in the amount of $445,145.00 plus interest were excepted from discharge because he willfully attempted to evade and/or defeat the taxes by claiming false losses through sham entities and sham transactions completely lacking economic substance involving a "Son of BOSS" tax shelter.

28. Pursuant to 11 U.S.C. §§507(a)(8), 523(a)(1)(A), the tax liabilities assessed on June 5, 2006 in the amount of $49,433 were excepted from discharge because they were assessed within 240 days of the filing of the bankruptcy petition on December 29, 2006.

## PRAYER

WHEREFORE, the United States respectfully requests that the Court order the following:

A. That, as of April 20, 2009, Sam G. Torolopoulos owes the United States $710,177.40 for assessed federal income taxes and accrued interest for the tax periods listed in paragraph 5. That Sam G. Torolopoulos further owes all interest and statutory additions that accrue from April 20, 2009 until his tax liabilities are paid.

B. That this Court determine and adjudge that all of the tax liabilities at issue in this case were not discharged by Sam G. Torolopoulos' prior bankruptcy actions in 2006 pursuant to 11 U.S.C. §§507(a)(8), 523(a)(1)(A) and 11 U.S.C. §523(a)(1)(C).

C. That the United States be granted its costs incurred in bringing this action, and for all other just and proper relief.

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY

<u>/s/ Joshua D. Smeltzer</u>
DAVID G. ADAMS
Texas State Bar No. 00793227
JOSHUA D. SMELTZER
Admitted pursuant to 28 U.S.C. §517
Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9737/9735
(214) 880-9741 (FAX)
*David.G.Adams@usdoj.gov*
*Joshua.D.Smeltzer@usdoj.gov*

ATTORNEYS FOR THE UNITED STATES



## UNITED STATES TAX COURT

RPS INVESTMENT PARTNERS, )
WINDCLIFF INVESTORS, INC. AND )
RON J. LINT, )
PARTNERS OTHER THAN )
THE TAX MATTERS PARTNER, )
　)
　　　　　Petitioners, )
　)
　　　　　v. ) Docket No. 3174-05
　)
COMMISSIONER OF INTERNAL REVENUE, )
　)
　　　　　Respondent. )

### DECISION

Pursuant to Rule 248(b) of the Tax Court's Rules of Practice and Procedure, it is

ORDERED AND DECIDED: That the following statement shows the adjustments to partnership items of the RPS Investment Partners partnership for the tax year ended December 27, 2000:

| Partnership Item | As Reported | As Determined |
|---|---|---|
| *Capital Contributions | $4,368,000.00 | Zero |
| *Distributions of Property | $4,309,771.00 | Zero |
| *Transfers to Partnership By Assignment | $4,369,772.00 | Zero |
| *Transfers from Partnership By Assignment | $4,369,772.00 | Zero |
| *Outside Basis in Partnership | $4,257,000.00 | Zero |
| †Net Short-term Capital Loss | $1,270.00 | Zero |
| †Deductions Related to Portfolio Income | $60.00 | Zero |

　　* Underpayments of tax related to these adjustments to partnership items are attributable to gross valuation misstatements under I.R.C. § 6662(h).

**GOVERNMENT EXHIBIT 1**

Docket No. 3174-05                    - 2 -.

† Underpayments of tax related to these adjustments to partnership items are attributable to negligence or disregard of rules or regulations and are substantial understatements of income tax under I.R.C. § 6662(b).

That the partnership was a sham, lacked economic substance, and was formed and availed of with no purpose other than tax avoidance for the tax year ended December 27, 2000;

That the transactions purportedly engaged in by the partnership in the tax year ended December 27, 2000 were shams, lacked economic substance, and were entered into with no purpose other than tax avoidance; and

That Respondent mailed the notice of final partnership administrative adjustment for the tax year ended December 27, 2000 to the partnership's tax matters partner within the limitations period specified in I.R.C. § 6229(a).

(Signed) *illegible*
Judge.

Entered: DEC 2 2 2006