IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO: 4:09-CV-00316-Y |
| SAM G. TOROLOPOULOS, | § § § | |
| *Defendant.* | § | |

### SAM G. TOROLOPOULOS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Sam G. Torolopoulos ("Torolopoulos" or "Defendant") the Defendant herein, and files this his Original Answer to Plaintiff's Complaint (hereinafter "Complaint") and respectfully shows the Court as follows:

**JURISDICTION**

1. With respect to Paragraph 1 of the Complaint, Defendant admits the allegations contained therein.

2. With respect to Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

**PARTIES**

3. With respect to Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4. With respect to Paragraph 4 of the Complaint, Defendant admits that he is correctly named. Defendant denies that he owes federal income taxes for the 2000 tax year.

## TAX LIABILITY

5. With respect to Paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

6. With respect to Paragraph 6 of the Complaint, Defendant admits the allegations contained therein.

7. With respect to Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment set forth therein.

8. With respect to Paragraph 8 of the Complaint, Defendant denies the facts stated therein.

9. With respect to Paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10. With respect to Paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11. With respect to Paragraph 11 of the Complaint, Defendant admits that he listed an *estimated* tax liability of $685,944.59 for federal income taxes related to the 2000 tax year.

12. With respect to Paragraph 12 of the Complaint, Defendant admits that he received fees for referring individuals to Jenkins & Gilchrist for participation in the tax shelter known as "Son of BOSS." Defendant admits that he entered into a "Son of BOSS" tax shelter in 2000. Defendant denies that he evaded or defeated taxes owed for 2000.

13. With respect to Paragraph 13 of the Complaint, Defendant admits that he entered into the "Son of Boss" tax shelter in November 2000. Defendant denies that he knew the IRS considered the "Son of Boss" transaction abusive at the time he entered into the transaction. As a result, Defendant denies that he entered into the transaction "despite" the IRS view of the

transaction.

14. With respect to Paragraph 14 of the Complaint, Defendant admits that in March 2004 he filed an amended 2000 income tax return. The content of the return speaks for itself. Defendant denies that he did not pay any of the amounts owed.

15. With respect to Paragraph 15 of the Complaint, Defendant denies that the additional assessment on June 5, 2006 in the amount of $49,433.00 was proper or that it is a priority debt excepted from discharge. Defendant admits that the assessment was made within 240 days of the filing of the bankruptcy petition on December 29, 2006.

16. With respect to Paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the meaning and, therefore, the truth of the assertion that RPS Investment Partners "involves other entities." Defendant admits the remaining factual allegations contained in Paragraph 16.

17. With respect to Paragraph 17 of the Complaint, Defendant denies that he challenged the Final Partnership Administrative Adjustment. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17.

18. With respect to Paragraph 18 of the Complaint, Defendant admits that he filed for bankruptcy on December 29, 2006. Defendant denies that, at the time he filed for bankruptcy, he had knowledge of the tax court decision.

19. With regard to Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20. With respect to Paragraph 20 of the Complaint, Defendant admits the allegations contained therein.

21. With respect to Paragraph 21 of the Complaint, Defendant admits that he filed corporate tax returns for Brookriver Kent, Inc. for the 2005, 2006, and 2007 tax years in late 2008. The content of the tax returns speaks for itself. Defendant denies the implication that the value of the assets reported on the tax returns is inconsistent with the disclosure on the bankruptcy schedules.

22. With respect to Paragraph 22 of the Complaint, Defendant admits that he filed partnership tax returns for Brookriver Kent Investments, LP for 2005, 2006, and 2007 in late 2008. The content of the tax returns speaks for itself. Defendant denies the implication that the value of the assets reported on the tax returns is inconsistent with the disclosure on the bankruptcy schedules.

23. With respect to Paragraph 23 of the Complaint, the identity of the entity to which the Plaintiff claims Brookriver Kent Investment I, L.P. is related is unclear. The identity of the entities that the Plaintiff claims made transfers to Brookriver Kent Investments I, L.P. is also unclear. Because of the vague and ambiguous nature of the pleading, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant denies that his Bankruptcy Statement of Financial Affairs---Question 10, is inaccurate or improper.

24. With respect to Paragraph 24 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation about what the IRS transcripts of account indicate. Defendant denies the implication that the capital account balance is inconsistent with the value reported on his bankruptcy schedules.

25. With respect to Paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

## CAUSES OF ACTION

26. With respect to Paragraph 26 of the Complaint, Defendant denies the allegations contained therein.

27. With respect to Paragraph 27 of the Complaint, Defendant denies the allegations contained therein.

28. With respect to Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

## PLAINTIFF'S PRAYER

29. With respect to Plaintiff's prayer subsection (A), Defendant denies that the Plaintiff is entitled to the relief sought therein.

30. With respect to Plaintiff's prayer subsection (B), Defendant denies that the Plaintiff is entitled to the relief sought therein.

31. With respect to Plaintiff's prayer subsection (C), Defendant denies that the Plaintiff is entitled to the relief sought therein.

## AFFIRMATIVE DEFENSES

30. Without admitting any of the allegations of the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

31. Plaintiff's asserted claims are barred because all tax liability was discharged in bankruptcy pursuant to 11 U.S.C. §§ 523(a) and 507(a)(8).

### SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's claims for tax liability pursuant to 11 U.S.C. § 523(a)(1)(A) are barred because Defendant did not seek to willfully evade or defeat paying tax liability. Defendant relied

on the advice of counsel that the "Son of Boss" transaction was legitimate and complied with tax laws.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's claims alleging tax liability assessed on June 5, 2006 in the amount of $49,433.00 are barred due to the expiration of the statute of limitations pursuant to Section 6501(a) of the Internal Revenue Code and Section 301.6501(a)-1(a) of the Income Tax Regulations.

### FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims alleging tax liability assessed on June 5, 2006 in the amount of $49,433.00 are invalid and incorrectly calculated.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing by their Complaint and that Defendant recover a judgment for his costs, and for such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

By: /s/ Richard A. Illmer
Richard A. Illmer
State Bar No. 10388350
rillmer@mailbmc.com
Chalon N. Clark
State Bar No. 24050045
cclark@mailbmc.com

**BROWN MCCARROLL, L.L.P.**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

_\_\_\_\_    Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

\_\_\_\_\_    Hand-delivered by courier receipted delivery.

\_\_\_\_\_    Forwarded by next day receipted delivery service.

\_\_\_\_\_    Communicated by telephonic document transfer to the recipient's current telecopier number.

_X_\_\_    Electronic Service via the Northern District of Texas Electronic Case Filing System (ECF).

To:
Joshua Smeltzer
717 N. Harwood Street
Suite 400
Dallas, Texas 75201

on this _24th_ day of June 2009.

_____
Richard A. Illmer